May it please the Court, GEICO's fraud investigators gather evidence, find whether or not claims are fraudulent, and report their findings to the adjusters, who rely on the investigators' findings in denying or paying claims. Making those findings is an exercise of discretion and independent judgment, and the subject matter of those findings, whether or not claims are fraudulent, is a matter of significance to GEICO. For these reasons alone, the District Court's conclusion that the investigators' discretion and independent judgment does not The Sixth Circuit's decision in Foster provides a more persuasive analysis of that issue, which is here for de novo review. I would like to make three main points about the third prong of the test for the exemption. First point, it is undisputed that making findings that claims are fraudulent or not fraudulent is part of the investigators' primary duty. The District Court decision and plaintiff's brief, as well as our brief, quote a section of the Special Investigations Unit Manual that the final step of an investigation is quote, writing a concise and complete summary of the investigation, including the investigators' findings regarding the suspected insurance fraud and the basis for their findings. The Mr. Calderon, the man who started this case, said in his 2010 self-evaluation, I have handled difficult to very difficult cases, detected the fraud, and was able to prove the fraud, resulting in several arrests and profiles in the gotcha files. The gotcha files are the SIU Department's in-house newsletter. Mr. Fitzgerald, the class representative for my position, the only thing I can put down, I found fraud or I didn't find fraud. To bolster this, we offered many investigators' reports as exhibits in this case, and they were drawn from two random samples that were included in the record. You can look at these. In many cases, these reports find that the claimant is credible, find no fraud, or find insufficient evidence to find fraud, which are different findings, but they are all important findings to make. They allow the case to go forward and be paid. If they do find fraud, they say so. In some cases, they say fraud was found. We have a collection of these on page 14 through 16 of the brief. Fraud was found, or they can identify the specific nature of the fraud using language like, and these are all quotes, caused accident, appeared to be hiding something, I did not find the claimant to be credible, insured and last driver of the vehicle were found not credible, claim did not occur as alleged. The record further shows that the adjuster's decision on a claim is based on essentially what the investigator tells them. That is not contested in the summary judgment record, and there are two functional reasons why that would be so. First is that the investigators have the expertise in detecting fraud. They are the company's fraud specialists. And the second is that the investigators have the only firsthand view of the evidence, including the interviews, which are central to the investigations. In fact, the adjusters do not even have access to the evidence. The only thing they have access to is the investigator's report, and they tend to read only the summary portion of the report, which Mr. Calderon himself has stated in one of his, actually it was in his exit interview when he was complaining about how hard he was working. Sounds like pretty sloppy. They don't even read the report. The adjusters? Well, no, it's the fact that they trust the investigators to write a summary of the investigation. They don't even read it. They read the summary portion of it. They read it by the claim. Correct. They also have an oral conversation with the investigator, which the investigator tells them their conclusions. My second main point was that making findings concerning the fraud is an exercise of discretion and independent judgment. Before I go further into that, I want to set aside two issues as not relevant to that determination. First of all, it does not matter that some of the adjusters submit their final reports to supervisors for review. And the reason for that is that the regulation specifically states employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. It also does not matter that the adjusters actually process the payment or denial. And the reason for that is the regulation specifically states the decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. Turning to what the regulations do require, the regulations require that an exempt employee make a real choice as opposed to applying a predetermined standard within closely prescribed limits or following a predetermined cause of action. The Department of Labor calls what you do when you're making a decision which is already written out for you in a manual or something like that a skill. But in this case, there is no predetermined standard where you can look up whether any given set of evidence proves fraud. Mr. Calderon testified each interview is different. Mr. Fitzgerald testified each case is kind of individual. Among other things, the investigators in concluding whether claims are fraudulent or not fraudulent make credibility resolutions. And I asked Mr. Fitzgerald in his deposition to describe how when he takes one of these examinations under oath, which is like a deposition, and then he calls the adjuster afterwards to describe what happened, and he testified, they will ask me, what do you think? How did they come across? And he answered, they're telling the truth, they're telling the partial truth, or they're a complete liar. They're drawing these credibility resolutions from these deposition-like interviews. They also draw inference from circumstantial evidence. They look at things like the employee's financial history to see if they have a motive to commit fraud, perhaps they're underwater on their claims, on their payments. They look at the claims history to see if there's a history of doing things like that. I'm sorry, Mr. Heminger, I'm a little bit confused. Not confused. Were these cross motions? Yes, sir. Okay. So the district court denied yours and granted plaintiffs. Yes, sir. You're here seeking in the alternative a complete reversal because you contend that in fact your summary judgment motion should have been granted and the plaintiffs denied, right? That's correct. And in the alternative you say, send it back for what? For a trial? Or for what? In other words- Well, there are two things that could happen. You could, if you send it back, you could tell the district judge to re-examine the record, which is undisputed under the correct summary judgment standard, or he could hold the trial. Okay, but is this question a question of law or a question of fact for a jury? It's a question of law. And you have the burden, right? I have the burden on the facts, but the facts are undisputed. Well, but the ultimate fact, application of the law to the undisputed fact, you have the burden on that established by clear and convincing evidence. Isn't that correct? That's what, that's, a couple of things about that. That's this court's standard. No other circuit court agrees with that. Well, we're in this court. We are. That's where we are. That's the law. But clear and convincing is an evidentiary standard. It applies to the findings of fact that the court makes. But it also applies in the summary judgment context to the extent that in assessing whether there's a genuine dispute of material fact on which you, your client, as the party with the burden of proof, could establish to the district court by clear and convincing evidence that the exemption applies. So even if we were to find summary judgment erroneously granted to the plaintiff here, but we don't find that your client wins as a matter of law, then it goes back to the district court and the district court does exactly the same thing that it's done in the summary judgment ruling, doesn't it? It determines the applicability of the exemption as a matter of law. It's a question of law, bearing in mind that your client has the burden to establish all of the facts necessary, including the inferences, that would support a conclusion that these plaintiffs are exempt. Your Honor, I think in this case, first of all, the summary judgment standard says that at that stage, all the inference should have been drawn in our favor. So the court clearly erred in our view in granting plaintiff's motion for summary judgment. So it didn't give you the facts? No, it drew the inferences in favor of the... Well, then what do you want? Do you want a trial? No, I would prefer that this court exercise its right to decide the case de novo. We did not ask... Well, are there disputed facts here? No, we do not think the facts are disputed. Well, you say the judge gave them the facts instead of you. They must be disputed. No, the judge gave them the inferences, I would say. Those are the facts. Well, there's... Those are the facts. Your Honor, if you look at the judge's decision, the second to last paragraph of it is a characterization of the evidence, which is actually a quotation from plaintiff's briefs. So I think what the judge did here is look at this in the light most favorable to the plaintiff, not the light most favorable to us. You say there are questions of facts. There are no questions of facts, Your Honor. The facts are undisputed. We disagree with the facts. No, we do not. There is no disagreement about the facts. What I've just described to you about what these employees do every day is undisputed. You say the facts that the judge used was taken from them. It was a characterization... So you must disagree with their version of the facts. No, I disagree with their characterization of what the employees do. I disagree with the characterization... Those are the facts, what the employees do. Your Honor... The fraud investigators, what they do. Your Honor, what they actually do is not disputed. What I disagree with is... What they actually do is not disputed as far as you're concerned, but it must have been disputed as far as they're concerned, and the judge said it was something else. No, Your Honor. Actually, in their brief, they agree with us that the facts are undisputed. But in the second... But you disagreed with facts that the judge related. I disagree with the way the judge characterized the facts. The judge wrote in the second to last paragraph of his decision where he's winding up... But they said that's where he quoted from their brief. Right, he says... That must be their characterization of the facts. That's correct. That is their characterization, Your Honor. It's their... He says regulations in case law suggest the fact that investigators note that certain claims could be fraudulent, does not in itself establish that their discretion bears on matters of significance. Well, he describes it, note that certain claims could be fraudulent. That is not an accurate characterization of the facts. They are actually dispatched to find out whether claims are fraudulent or not, and to report their conclusion on that fact to the adjusters. That's a factual dispute. Well, it's not really disputed in the record. The plaintiff admitted... Wait, wait, wait. Let me ask a question so you know what to ask. Okay. Sorry, Your Honor. You may say the facts are not in dispute, but the inferences are, the characterizations of the facts are in dispute. That's why we have trials. Well, Your Honor, a trial would be a step in the right direction for me. Would be a what? Step in the right direction for me. But you haven't asked for one. Well, you appeal and want a summary judgment going the other way. That's what your brief says. So can you come up here now and say, well, I don't really want a summary judgment because there are disputed facts. What I'd like to have is a trial. You're changing your position. No, Your Honor. Well, you are. I think that the court... Well, you want summary judgment proceedings in the district court, and you want them ruled in your favor. That's correct, Your Honor. But this court has the... So if they're disputed facts, they're not ruled in your favor. So you haven't challenged the right. If they're disputed facts, the judge will say you need a trial. They decide the facts. Your Honor, the... You get a jury and they'll decide the facts. Your Honor, there are no... I mean, the reason we put all these reports... You say you read to us what the judge got wrong. The reason we put all... And you say he quoted that from the other side. Right. So there must be a dispute in the facts. No, Your Honor. There's a way of characterizing facts. There's a difference between facts and the spin you put on facts. There's a disputed spin in this case. There are no dispute about the reports that the investigators file. That's why we put them into the evidence, into the record, so that no one would have to rely on anybody's description about what the investigators do or don't do. You can read in the record, in the appendices, a whole compilation of these reports which show that they are making conclusions. You don't want a trial. I would take a trial over where I am now. Well, I would think. But you say you don't want one. I would prefer to have it resolved by this Court, which I think you can do on this record in a de novo review. Thank you. You've got some time remaining. Let's hear from Mr. Morgan. May it please the Court. The debate that I think the Court was having with Mr. Hemmingdinger concerns the characterization of the facts. And it was Judge Titus' view, under the standard articulated in the Fourth Circuit, that GEICO couldn't meet its burden of proof to establish clear and convincing evidence that each element of the administrative exemption plainly and unmistakably fits with these facts. It is his conclusion. And that's why Judge Titus granted our affirmative motion for summary judgment. But he has to take the facts in the light most favorable to GEICO. Isn't that right? You're right, Your Honor. But the facts have to be taken in the inferences too, in the light most favorable to the non-moving party. You're the losing party. That's GEICO. Fair enough. But they also moved for summary judgment at the same time. They did. But that was denied. You're right. Are you saying there's no disputed facts? I'm saying there are no disputed facts. What they're taking issue with is the characterization of the primary duty. Classification cases under the FLSA start and end with the determination of the primary duty. The two elements that we're debating here, the one that Judge Titus granted in our favor, discretion and judgment, as well as the one we appealed on, whether the investigators actually serviced the general operations of the business, both stem from what the determination of the primary duty is. And in this case, Judge Titus said the primary duty is to conduct investigations. Okay, what does that mean? What that means is a question of fact. And Judge Titus determined what that meant. And it didn't mean fraud finding. It's ironic that GEICO He did find the facts. He did find the facts. But how does a judge have a right to do that on summary judgment? Because both parties said these are the facts and they are undisputed. They were cross motions. One party says here are the facts, my version. The other party says here are the facts, my version. And they conflict and they don't agree. So we have to have a trial resolved. That's right. And what Judge Titus concluded was there is no trial.  GEICO met its burden of proof on a clear and convincing evidentiary standard that each element, all the facts fit into each of these elements clearly and unmistakably. That is the law. That was reaffirmed in the Desmond case. Was there any consideration given to having the district court decide disputed facts on a summary judgment record? That is often done when you have these multifactored administrative type claims under FLSA and there's some other statutes. But was any consideration given to that? No, Your Honor, and I would submit that that's what Judge Titus essentially has done. But that's the problem. You see, without GEICO's consent that Judge Titus could do that, what we're stuck with here is we have cross motions for summary judgment on an ultimate question of law. And as to your motion, GEICO's entitled to all the inferences in its favor. As to GEICO's motion, your clients are entitled to all the inferences. And we've said many times just because they're cross motions for summary judgment doesn't mean the court can decide the issue as a matter of summary judgment practice. Understood. Okay. But I believe that Judge Titus considered all the facts and understood those standards. Well, you just said that what Judge Titus did was find facts. Well, I think he did. That's what you said in relation in response to Judge King. He did it because there are facts on summary judgment. But the parties didn't dispute the facts. So both parties submitted statements of facts. Obviously they do. Excuse me? Obviously you do dispute the facts. No, this is where I do agree with Mr. Hemmingdinger, Your Honors. I do believe that they take issue with the characterization of the facts. Judge Titus, in the last paragraph of his opinion reads, in the Fourth Circuit, the FLSA's administrative exemption is, quote, narrowly construed and the court concludes that GEICO has failed to demonstrate by clear and convincing evidence that investigators fit within the narrow administrative exemption. And therefore denied GEICO's motion for summary judgment, which was correct, as you just described it. But that doesn't mean that you automatically get summary judgment. In the FLSA world, it absolutely does, Your Honor. It absolutely does. If a moving party cannot establish, present facts that support the clear and convincing standard, that party loses. But you've got to prove the facts of the case. Excuse me? You've got to prove that those are the facts of the case. Absolutely. Y'all didn't file a stipulation. No, we didn't. You didn't file a stipulation. You could file a stipulation and you'd have the facts spelled out there for the district judge and for us, but you didn't do that. Both of you argue about there's a Sixth Circuit case? There's a Foster v. Nationwide case. Foster. Now, was that decided on summary judgment? Part of it, but the discretionary judgment question wasn't. There was a trial. That's right. There was a trial to decide the facts. There was. That's right. There was. And the Sixth Circuit paid strong deference to Judge Sargis out of Columbus on the appeal. But there were other cases, other investigator cases, the Fenton v. Farmers case, the Ali v. Veracity case, all decided on cross motions for summary judgment in favor of the plaintiff. And so there is case law that exists that supports the notion that the appeal, that Judge Titus' decision on summary judgment can be affirmed by this panel because the application of the fact to the reg, while it's Geico's burden, is still a question of law. And what Judge Titus, I think, got were two briefs with facts and looked at the facts, determined what the primary duty of the investigators were, which is on page 3 through 8 of its brief. And frankly, literally every single citation is to Geico's managers. Did the judge have to actually make that determination? Or are there undisputed facts? Which determination? You just said the judge determined what the principal duties are. Yeah. Did the judge actually have to determine that? Or are they just set out in undisputed facts? They are not set out in undisputed facts. Well, then you've got a disputed, genuine disputed material fact. The judge can't make findings as a part of summary judgment. Your Honor. The judge can only draw inferences in favor of the non-moving. But there are myriad cases, at least in the FLSA world, where courts make a determination as a matter of law on summary judgment whether the facts fit the regulation. There's a host of them. And that's all that happened here. Summary judgment law doesn't change just because you've got an FLSA case. That's true. Summary judgment's the same. Rule 56 is the same. That's true, but it's ironic. You all could sit down, the two of you all could sit down, and maybe you could stipulate on what those duties are. And that would take care of it. But that's not what you did here. You already told us that. You are right, Your Honor. We did not do that. But I'm not saying that that precludes summary judgment for the plaintiff. I'm not. Because on this record he has considered the facts as they've presented them as well as the plaintiffs, created, defined the primary duty, and from that definition of the primary duty decided it doesn't fit. It doesn't fit discretion and judgment. As a matter of law, Geico's burden of proving clearly and unmistakably that the exemption applies, they can't do. And we're going to, as a consequence, render summary judgment in the plaintiff's favor. That's all he did here. And that was the correct decision. And the record statement of facts in pages 3 through 8 of his brief, where he lays out the various steps of an investigator, the citations are to the top employees from Geico's SIU department, Steve Rutzbeck and Mike College. The documents that he points to to describe and define the primary duty are Geico's documents, the SIU administration and operations handbook. I mean, this is all, so the idea that, you know, viewing the facts in the light most favorable to the non-moving, he did that in this order, I would submit to this report. He gave them all the facts. The citations are to the managers and to the documents. I don't think there's one citation to the deposition of my client or any of the opt-ins, plaintiffs who were deposed. The evidence came from Geico. And from that description, that definition of primary duty, he looked at the regulations, found that the first prong of the primary duty test, servicing the general business operations they met their burden on, we disagree. I'll rely on my brief for those arguments. But he then took the next step, which he should have done, which is go to discretion and judgment with regard to matters of significance. And on those facts, as he saw them, viewed, I would argue, in the light most favorable to the defendant, he ruled that the Geico can't meet its burden of proof. That allows us to win. What can you point to in support of your contention that he viewed in the light most favorable to the defendant? What I would ask. Apart from simply citing to the defendant's submission. That's what I would say, Your Honor. I don't mean to cut you off. Please finish your question. That's all you got, that he cited to the defendant's submission? Yeah. Right. And, I mean, as you read his analysis, I think he weighs both arguments. But what I'm looking at, in his memorandum of order, he has background facts that begin on page 2 and they go through page 8. And those are the facts that he found in connection with this motion for summary judgment. And I do believe that he viewed them in the light most favorable to Geico. I absolutely do. And then he looked at the standard that applies in the Fourth Circuit when you try to fit the established primary duty into this very narrow administrative exemption element and said it doesn't fit. And so, as a consequence, there's nothing for a jury to sort out because this is my job. This is my job over here and it doesn't fit. And so I'm required, under the precedent, to rule in favor of the plaintiffs in this case. That's what he's done. And I think that's appropriate. I absolutely think that's appropriate here. We also appealed some issues on remedies. There was a second motion for summary judgment brought after the liability determination on the remedies issues. We've appealed all questions on the remedies issues. Judge Titus ruled in favor of Geico on a willfulness finding, on allowing my clients to obtain liquidated damages for their loss, on even the imposition of pre-judgment interest, as well as on how to calculate the overtime rate, whether it's time and a half or a .5 calculation. The arguments are in our briefs, but I want to make several points as the court is contemplating sending this question, perhaps, back to the trial court. On willfulness, the cases, at least the recent cases in this circuit, have suggested that that question is a question of fact and that it's either after a bench trial or it's remanded for a trial. At least the cases that I saw in the last 10 or 15 years in this circuit suggested that that question is a fact question that should be decided by a jury. Do you want a trial on the remedies? I do. So you want to send it back for a trial? On the remedies. I absolutely do, Your Honors. The last issue is the other element to the… Do we have jurisdiction over your cross-appeal, by the way? I believe we do, Your Honor. On remedies? I do. Yeah, because what we did… Go ahead. What we did is there was a second round of cross-motions for summary judgment on the remedies issues. There was an order issued, and then the parties stipulated to the only fact dispute that existed in the case then at that point, which was ours, worked. And so there is a stipulation in the record that allowed Judge Titus to then enter judgment to allow the parties to appeal. Is this a final order appeal? Excuse me? Is this a final order appeal or Rule 54B appeal? What is it? It's an appeal from an entry of judgment. It's a final order appeal. How much money did your clients get? So we didn't stipulate to a number, Your Honor? But we stipulated to the formula to get to the number. A formula is not a final order make. I'm looking for money, right? How much money did they make? Your Honor, if a number would have been reached, it would have been well into the seven figures. Well, if you don't have a final order… It's an important case. If you don't have a final order, we don't have jurisdiction over their appeal either. Judgment was entered in this case, Your Honor. But you said it's not a final judgment. It's not a final judgment. I didn't say it wasn't a final judgment. I said it wasn't an appealable order. It's a claim for money, but the judge hasn't awarded any money to anybody. Because the judge has entered an order that stipulates what GEICO is required to pay the plaintiffs should the district court's decision on summary judgment be affirmed. It has to be resolved here. No. It's over with. It's over with. Okay. It's over with. And they agree with that too, I guess. I'll let him speak for himself, but I believe he does. So if we affirm, you just go back to your office and wait for the check to come. That's all that's necessary. I need to speak with Mr. Hemmingdinger about the final calculation based on our stipulation. But yeah, I mean, that's right, Your Honor. What if you all agree on the final calculation? We've allowed Judge Titus to step in and resolve that dispute. So you reserve the right to go back? Yes. On that issue. You have a final order. It's not over with. Well. See, that's one thing we don't like much is these piecemeal appeals. No, there is no, there is, other than the final number, on the determination of the calculation, that's it. You reserve the right to go back. Well, I mean, from my standpoint, every substantive issue has been resolved and this appeal is proper. If you can't agree on the numbers and you go back and Judge Titus makes another ruling, then we've got another appeal in the same case. On whether his ruling on the numbers was right or not. I'm not certain about that, Your Honor. I'm not certain about that. I see my time is ending. You're the lawyer in this case. Both of you are saying we've got jurisdiction to hear the appeals, I guess. Or he wouldn't be here. Any other questions? You've got some time remaining. Let's hear from Mr. Hemendinger. Your Honor, I'd like to address a couple of things. First, the primary duty concept. Under the regulation, the primary duty is a question of law. What the court has to do is, what the regulation calls for is a determination whether the primary duty of the employees is work that is administrative in nature. This court did that in the case of Altamus v. Federal Realty Investment Trust. Judge Davis was on the panel in that case. The court found that the primary duty of the executive assistant was administrative work. You then look within that category of administrative work to see if there is some work requiring the exercise of discretion and independent judgment. Now, plaintiff's counsel has tried hard to take the findings that the investigators make and exclude that from the primary duty. They say the argument is gathering the facts is the primary duty, but writing the findings is not part of the primary duty. But you all are still arguing about facts. No, those are conclusions. You are. You're telling us what the investigators do or don't do. There's no question about what they actually do. Why didn't you all make a stipulation if you wanted to judge the rule on summary judgment? Because you probably couldn't agree. That's why. Your Honor, we did not pursue that. Why didn't you get a final order before you came up here? Because, Your Honor, it is a final order. I actually researched that point. There's a case from this court, Ram v. Well, is there a reservation that you can go back to Judge Titus and have him figure out the numbers when you all can't agree on them? The judge does retain jurisdiction, but there's precedent for that. Can't retain jurisdiction. There is precedent. And then come up here and want us to decide it. Your Honor, there's precedent. That's what they call an interlocutory appeal. They've got to find an exception to the final order document. Your Honor, there's precedent for that. In fact, we did the very same thing in the Robinson-Smith case, which was in the D.C. Circuit. Maybe you didn't give the panelist information that the judge had reserved jurisdiction. That's the first I'd heard that was just five minutes ago, that the court reserved the power to go back, or you all reserved the power to go back to the court to get him to resolve disputes over the money. Your Honor, in Ram v. Paramount, the court held money judgment may not be deemed final unless it determines or specifies the means of determining the specific amount of the recovery. That's this court's decision from 1963. But here you've got part of your stipulation says, for purposes of computing back pay, et cetera, the number of hours worked by plaintiffs and class members, assuming no missed days during the work week. So your very stipulation contemplates, it seems to me on the face of it, the likelihood of disputes. No, it doesn't. We can figure out no work days. That's a matter of looking at the calendar. People argue about a lot more than whether somebody missed a work day. If somebody comes into work at 10.45 and leaves at 1.30, has he or she missed a work day? No, you have to miss an entire day under the Fair Labor Standards Act. A salaried employee has to miss an entire day or they're going to get paid. You'd have to go back to the judge. I don't know. I appreciate the efforts of counsel to streamline and make efficient, but I just don't see how you can bring a case up here on interlocutory orders and what you call a final judgment. It's not a final judgment at all. There's a lot of work for the judge to do here, depending on how well counsel get along in this case after our ruling. There's all kinds of stuff to get done, calculations, who missed work, who didn't. We could do all that, and we'd come up with a number, and then we'd be back here with the same arguments about liability. Well, that means that – go ahead. You know, that's the practicality of the situation. Does the court shall have jurisdiction to resolve or supervise the resolution of any issue concerning the remedy that the parties are unable to resolve? That's true, and there's a case, it's a D.C. case, but we relied on it in Robinson-Smith, Pigford v. Veneman, where the court issued a final order, appealable order, went to the D.C. Circuit. Was it a certified Rule 54 order or just a summary judgment order? I don't think it was either. I think it was a final judgment. I don't have the case that firmly in my mind, but we did look at that point. I would like to – What does it mean in 4.1i, this stipulated order will apply to final judgment for plaintiffs and class members, even if such judgment comes after trial on liability? That seems to contemplate a future final judgment, and yet you purport to appeal from this very order, and you call it a final judgment. So how can it be a final judgment that itself contemplates the future existence of a final order, final judgment? Because, Your Honor, we anticipated this appeal. We knew this case was going to go to the Fourth Circuit, and we knew there was a possibility of a remand for a trial, and what we agreed on was that all the rulings that had been made and the stipulations as fact that had been entered into by the parties would stay intact, even if there was a rethinking of the liability issue. If, let's say, there was a remand, there was a trial, plaintiff won again at trial, we would still use the same remedy. We weren't going to go back to that issue twice. That was the thinking. But there's an appeal of the remedy. That's correct, and we would be bound by the ruling on appeal. The parties had done all the work that they could do in terms of resolving the issues that they could resolve. But they haven't resolved them all. We resolved all the issues that we could agree on and left it to the court, subject to appeal, to resolve the rest. The court did its job. I don't think so, Your Honor. Well, you could make this whole remedy issue go away. Do you want a trial or not? That would be my second choice. My first choice would be for you to exercise your power to review the record de novo, which you can do because it's a question of law and because it came to you on summary judgment, see that these people, these investigators, make findings of fact that claims are fraudulent or not fraudulent, which is abundantly documented in the record, say that that constitutes the exercise of discretion and independent judgment as to a matter of significance, which is clearly correct. You want us to rule on the summary judgment motion in your favor? Absolutely. Okay. Thank you. Okay. Mr. Morgan. Judge Davis, what you're pointing to, the stipulation, is an effort by counsel to streamline the process to avoid dealing with any of the issues so that once the liability question and the remedies questions were resolved and we knew appeal was coming, it would be purely a matter of math. Does Rule 54 give you the ability to do that, to bring a case to us at this point, even though they're unresolved issues? I can't remember the exact wording. I don't know. It has to be certified, I think, under 54B, by the district court. And then I think we have to agree to take it. Right. There's two steps, and I don't think I think you'd agree that neither of those were taken. I would agree with you, Judge King. So that's what this is, an effort of both sides trying to connect to streamline the process, and we did not include a number. We didn't reach a number. It seems to me that's what Rule 54 is for, is to let you do what it is you're trying to do now. Yeah. This is where we're at, and we both proceeded this way. I mean, counsel did represent GEICO in the Robinson-Smith case, indicated to me that this was a way to do it. We researched it on our end. It seemed appropriate at the time, but I understand the court's concern. That's the D.C. case you're relying on? That's correct, Your Honor. And what was the procedural posture there? My understanding was summary judgment was granted for the plaintiffs who are claims adjusters in that case. Right. GEICO appealed to the D.C. circuit, but worked out all of the remedies issues by a stipulation. And there was no Rule 54 certification? I don't know that. You don't know? I don't believe so. Okay. If you worked out all the numbers by stipulation, there wouldn't be any problems. You wouldn't have what you have here. Yeah, I understand. I understand what your concern is. That's correct. I mean, we have agreed on every single variable. I think the stipulation contains an agreeable third party to come up with the calculation subject to a consent by both sides. So that's what you see here. I said that, Your Honor. It looks like a failed mediation. Well, and it wasn't. We'd even need a mediator, Judge Davis. So I think notwithstanding that issue, that the court can still decide this question of liability. And you don't have to take my word for it. The reason these cases were started by my office, we litigated the Farmers case, the Veracity case, even the nationwide case that we lost, was because in 2005 the Department of Labor issued an opinion letter. And it was an opinion letter concerning background investigators who performed backgrounds on individuals who were going to get top-level national security clearance. It was a company that contracted with DSS. And the same tasks, the same investigatory duties, albeit in a different setting, not the insurance world, are being performed by insurance investigators. And the DOL, all of the comments that Mr. Hemingdayer talked about, credibility determinations, determining what questions to ask, all of those issues have been considered by the Department of Labor and determined to be not discretion and judgment with regard to matters of significance. The DOL has been consistent. 1997, I think, was the first letter of opinion on this. And it was reaffirmed in 2005. And frankly, it's consistent with the regulations that identify investigators as not administrative workers under the FLSA. So unless the court has any other questions, I thank you for your time. Thank you. All right, we'll come down to Greek Council and then go into the next case.
judges: William B. Traxler, Jr., Robert B. King, Andre M. Davis